852 F.2d 1292
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Cirilo C. CAMASOSA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 88-3148.
 United States Court of Appeals, Federal Circuit.
 June 10, 1988.
 
 Before MARKEY, Chief Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 On reconsideration, the Office of Personnel Management (OPM), denied petitioner's application for a deferred civil service retirement annuity on a finding by OPM that he did not have five years of creditable civilian service. Petitioner appealed to the Merit Systems Protection Board (MSPB or Board), which upheld the determination of OPM (MSPB Docket No. SE08318710451). We affirm the decision of the MSPB.
 
 OPINION
 
 2
 Under the applicable statute, 5 U.S.C. Sec. 8333(a) and the regulation 5 C.F.R. Sec. 831.201, a government employee is not entitled to a civil service retirement annuity unless he can establish that he had five years of creditable civilian service. Mr. Camasosa proved that he had been an employee of the United States Government for 22 years. Unfortunately, however, he was not able to establish that he had five years of creditable civilian service.
 
 
 3
 Mr. Camasosa was first employed as a laborer in the United States Navy Yard at Cavite, Philippines, from March 24, 1941 to September 30, 1944. The record failed to show that any retirement deductions were made from his pay during that period, but even if the service qualified for retirement purposes, it did not amount to the necessary five years of service. The record also shows without dispute that the remainder of his service consisted of temporary appointments limited to one year or less, to intermittent appointments of a nonqualifying nature, and to indefinite appointments. It is clear that under the provisions of 5 C.F.R. Sec. 831.201, each of these appointments was of a type that is excluded from retirement coverage. Length of service, without regard to the nature of an employee's service, is not a sufficient basis for an award of retirement benefits. See Cubacub v. OPM, 230 Ct.Cl. 908 (1982).
 
 
 4
 After a careful review of the evidence and the record in this case, we find that the decision of the MSPB is supported by substantial evidence, that it was not arbitrary or capricious, and that it is correct as a matter of law. Consequently, under the statute which limits our review of MSPB decisions, we find no basis for reversing the decision of the Board.